THE STATE vs. STANFORD.

In a prosecution under the statute for carrying concealed weapons, it is not necessary that the name of a prosecutor or informer be endorsed upon the indictment.

The judgment in a criminal prosecution where the informer is entitled to one-half of the fine, must be in the name of the State, and not in the names of the State and informer; but it would be convenient in practice that an *order* be made of record directing one-half of the fine to be paid to the informer, if there be one.

*Appeal from Clark Circuit Court.*

Hon. LEN. B. GREEN, Circuit Judge.

HOLLOWELL, Attorney General, for the State.

FLANAGIN, contra.

Mr. Justice COMPTON delivered the opinion of the Court.

This was an indictment against Jesse Stanford, for wearing a pistol concealed as a weapon, etc.

The statute under which he was indicted provides that,

" Every person who shall wear any pistol, dirk, butcher or large knife, or sword in a cane, concealed as a weapon, unless upon a journey, shall be adjudged guilty of a misdemeanor, and upon conviction thereof, in the county in which the said offence shall have been committed, shall be fined in any sum not less than twenty-five dollars, nor more than one hundred dollars, one-half to be paid into the county treasury, the other half to the informer, and shall also be imprisoned not less than one, nor more than six months." The indictment charges that "Jesse Stanford, etc., etc., did then and there wear about his person, a certain pistol, concealed as a weapon, he the said Jesse Stanford not being then and there on a journey, contrary," etc.

The name of the informer was not mentioned in, nor endorsed upon the indictment.

The jury found the appellee guilty, and assessed his punishment at a fine of twenty-five dollars, and imprisonment in the county jail for the term of one month. Upon the verdict of the jury the following judgment was entered—" It is, by the Court, considered, that said Jesse Stanford be imprisoned in the jail of Clark county, at and for the period of one month, and that said State of Arkansas recover against him the sum of twenty-five dollars fine aforesaid, besides all the costs," etc. Whereupon the appellee moved the Court to arrest the judgment, and for cause set down the following, to-wit:

1st. No judgment can be rendered on the verdict and indictment.

2d. The indictment to have been good, should have stated who was the informer.

3d. Judgment can only go for the fine in favor of the State and informer.

The Court sustained the motion and the State appealed.

It is insisted by counsel, that the indictment should have disclosed the name of the informer, and that judgment should have been taken in his favor for one-half of the fine. In support of this an argument is drawn from the supposed analogies of certain statutes embraced in our criminal code, and the

mode of procedure on "information," in the English Courts. The acts referred to are those which create and punish certain offences against the person or property of individuals. See *Gould's Digest, sec.* 6, *p.* 348; *sec.* 4, *p.* 375; *sec.* 2, *p.* 346. Upon an examination of those statutes, it will be observed that creating and defining as they do, offences against the *person* or *property* of the party injured, it becomes indispensably necessary in framing an indictment upon them, to allege the name of such party, otherwise the offence would not be described; and that the penalty imposed by most, if not all of them, being damages for the injury done, the statute expressly directs that " the Court shall render judgment in favor of the party injured."

In these essential respects, they are widely different from the enactment under which the appellee was indicted. It was not necessary in the proceedings against him, that the name of the informer should be alleged in the indictment, in order to comply with the express directions of the statute. The offence committed by the appellee was one against society at large, and not against the person or property of the informer.

Nor is this argument strengthened by reference to the statute which provides " That no indictment for any trespass on the person or property of another, not amounting to felony, shall be preferred unless the name of the prosecutor be endorsed thereon, except where the same is preferred on the information or knowledge of one or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty, or on the testimony of some witness other than the party injured," etc. The design of this section, as has been decided in *The State vs. Brown*, 5 *Eng.* 104, was to prevent frivolous and vexatious prosecutions, by taxing the prosecutor with costs on failure to convict; and so operates as a restriction upon prosecutions for the offences mentioned in the act. How this requirement, then, can be extended to the case at bar, when we bear in mind that one-half of the fine, from considerations of public policy, is to be paid to the informer, as a gratuity for bringing offenders to justice, it is difficult to perceive.

Pecuniary rewards are given to those who are the means of convicting offenders, by a variety of statutes, both in this country and in England. 1 *Chit. Crim. Law* 821.

Nor is the prosecution against the appellee analogous to a proceeding by information in the English Courts. In England, where an act of Parliament inflicted a penalty for the commission of a misdemeanor, recoverable upon conviction, one part to the use of the King, and the other to the use of the informer, a proceeding by " information" was usually adopted, and in such case the party was put upon his trial *without the previous action of the grand jury*—it was a proceeding in the nature of a civil action, carried on at the suit of the informer, by criminal instead of civil process. 1 *Chit. Crim. Law*, 841, 165. There, the informer was, of course, a party to the prosecution. Here, under our constitution and laws, no such procedure is known, or can be had. The penalty imposed for the commission of a misdemeanor of the lowest grade is recoverable only by *indictment or presentment preferred by a grand jury.*

The analogies relied on are not, therefore, sufficiently clear to warrant us in holding that it was necessary for the indictment to show the name of the informer.

The fine having been recovered by indictment in the name of the State, the judgment was properly entered in the name of the State. True, it would be a convenient practice in such cases for the Court to have an order entered on the record, immediately following the judgment, directing one-half of the fine to be paid to the informer, if there should be one, and if none, then to be paid into the county treasury, under *sec.* 218, *chap.* 52, *Gould's Dig.*

A failure, however, to make this order in the case before us, is no matter of concern to the appellee, it not being to his prejudice. The indictment sufficiently protects him against a second prosecution, and not being injured by the form of the judgment, it will not be reversed at his instance. *Rawlings vs. The State,* 2 *Maryland,* 202; 3 *Gill & John.* 450; 9 *Gill* 439.

In *Rawlings vs. The State,* 2 *Maryl.* 202, *supra.*, we have an

authority directly in point. In that case Rawlings was indicted for selling whiskey to a slave, in violation of the statute, which provided that one-half of the penalty should be paid to the informer. The informer's name did not appear upon the indictment, and the judgment was rendered in the name of the the State, as in the case under consideration. The Supreme Court of Maryland said: " It is insisted, however, that the final judgment must be reversed, because the fine is adjudged to the State, when the act of Assembly awards one-half to the informer, and the other to the county or owner, according as the negro may be free or slave. It must be observed that the penalty is to be adjudged and recovered on indictment in the County Court. This proceeding must be in the name of the State, and the party must be fined in the name of the State, though other persons are ultimately entitled to the money. There are many acts of Assembly under which informers are entitled to share the fine, and some in which it goes to the county, school fund, etc., but there is no instance, so far as we can discover on examination, in which the fine has not been on the record adjudged to the State. There is the form of such a judgment on pages 291, 292, *Ev. Har.*, in which, after adjudging the fine to the State, and the payment of costs for the use of the persons who may be entitled to the same, there is an *order* " that one-half of the fine be paid to C. D., the informer in the prosecution." The latter clause is, technically, no part of the judgment. Being designed for the benefit of the informer, the traverser can have no interest in the mode of making that entry, or whether it be entered or not. But this form has not been always observed, as we find on examination of some of the cases." And in another part of the opinion, the Court said: " But this defect, (alluding to the form of the judgment,) if it be one, does not concern the traverser. He is interested in having the proceedings so conducted as to protect him against a second prosecution, and this security the indictment abundantly affords."

The judgment will be reversed, and the case remanded with

instructions to the Court to reinstate the original judgment and cause it be executed.

Absent, Mr. Justice RECTOR.